IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-246-KSM-1 |
| | : | |
| LUKEEN GERALD | : | |

MEMORANDUM

Marston, J.                                                                                                 January 18, 2024

      Before the Court is Defendant Lukeen Gerald's August 15, 2023 request for an extension of the deadline for filing a § 2255 Motion (Doc. No. 164) and his § 2255 Motion to vacate, set aside, or correct his sentence (Doc. No. 165).  In response, the Government filed a Motion to Dismiss.  (Doc. No. 166.)  For the reasons discussed below, Defendant's request to extend the filing of his § 2255 Motion is denied and his subsequent § 2255 Motion is denied as untimely.  The Government's Motion to Dismiss is granted.

I.      BACKGROUND

    A.     **Jury Trial and Sentencing**

      On June 11, 2015, a federal grand jury returned an indictment charging Defendant Lukeen Gerald with seven counts of robbery interfering with interstate commerce ("Hobbs Act robbery") in violation of 18 U.S.C. § 1951(a); six counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); one count of using, carrying, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  (*See* Doc. No. 1.)  Defendant was found guilty by a jury on all counts in November 2018.  (*See* Doc. No. 115.)  On March 11, 2020, Defendant was sentenced to 672 months' (56 years) imprisonment and other penalties.  (*See* Doc. No. 141.)

Defendant appealed. (Doc. No. 139.) His attorney, Luis A. Ortiz, Esquire, argued that Defendant's 924(c) convictions were invalid because a Hobbs Act robbery is not a "crime of violence" under Section 924(c). ECF Filer: Electronic Brief with Volume I of Appendix (Doc. No. 25), *USA v. Lukeen Gerald*, No. 21-2140 (3d Cir. Jan. 4, 2021). On May 14, 2021, the Third Circuit summarily affirmed the judgment. Order Granting Motion for Summary Action (Doc. No. 37), *USA v. Lukeen Gerald*, No. 21-2140 (3d Cir. May 14, 2021). Defendant filed a petition for certiorari, No. 21-6076, which was denied by the United States Supreme Court on December 6, 2021. Notice from U.S. Supreme Court Disposition at No. 21-6076 (Doc. No. 40), *USA v. Lukeen Gerald*, No. 21-2140 (3d Cir. Dec. 6, 2021). With this denial, Defendant's conviction was final and the deadline for filing a § 2255 motion was one year from that date, on December 6, 2022. *See* 28 U.S.C. § 2255(f)(1).

**B.    Letters Requesting Information and Extension of Time to File § 2255 Motion**

On August 22, 2022, the Clerk of Court for the Third Circuit Court of Appeals received a letter from Defendant inquiring about the status of his direct appeal and complaining that he had not heard from his lawyer for the past year despite Defendant's multiple attempts to contact him. Pro Se Letter from Appellant Lukeen Gerald regarding appeal (Doc. No. 41), *USA v. Lukeen Gerald*, No. 21-2140 (3d Cir. Aug. 22, 2022). Defendant also complained that his lawyer had failed to provide him with trial transcripts or copies of motions filed in his case. *Id.* The Third Circuit Clerk responded the same day, advising that Defendant's case was closed in the Third Circuit and that the Supreme Court had denied Defendant's petition for certiorari on December 6, 2021. Clerk Letter Sent to Appellant Lukeen Gerald responding to pro se letter (Doc. No. 42), *USA v. Lukeen Gerald*, No. 21-2140 (3d Cir. Aug. 22, 2022).

On September 6, 2022, Defendant sent another letter to the Third Circuit Clerk

acknowledging receipt of the Clerk's August letter.[1]  (Doc. No. 157.)  Defendant stated that he had not been previously informed that his petition for certiorari was denied because he had no contact with his lawyer since December 2021.  (*Id.*)  Defendant acknowledged that his "appeal can't go back but I would like to have my time extened [sic] for my 2255 motion.  I just got informed through your letter on August 22, 2022 that my appeal was denied.  I would like to know when will be my deadline for my 2255 motion."  (*Id.*)  Defendant also explained that he did not have access to the law library within the correctional facility.  (*Id.*)

      A month later, on October 12, 2022, the Clerk of Court received and docketed another letter from Defendant.  (Doc. No. 158.)  Defendant inquired about the deadline for his § 2255 motion and asked for an extension.  *See id.* (Defendant stating, "I'm asking the court for a exsintion (sic) to put in my 2255 montion (sic) because I wasn't awear (sic) of the denial until last month").)  Defendant stated that he had not communicated with his attorney since early December 2021 and was under the impression that his attorney might file additional motions in Defendant's case based on the Supreme Court's decision in *United States v. Taylor*.[2]  (*Id.*)  He further asserted that his lawyer had failed to provide him with his trial transcripts.  (*Id.*)  Finally, Defendant again noted that he was denied access to the law library and asked for assistance in securing access to law library materials.  (*Id.*)

      The next day, on October 13, 2022, Defendant's case was reassigned to the Honorable Karen Spencer Marston.  (Doc. No. 159.)  On October 17, 2022, upon consideration of the

---

[1] Defendant's letter was written to "Dear Ms. Dodszuweit"—the Third Circuit Clerk—but his envelope was addressed to the "Office of the Clerk" at 601 Market Street, where both the Clerks for the Third Circuit and the District Court are located.  (Doc. No. 157.)  Because Defendant's case was no longer open with the Third Circuit, this letter was docketed on the district court docket, Crim. No. 15-246 on September 12, 2022.  (*Id.*)  At the time Defendant's case was still assigned to the now-retired Honorable Petrese B. Tucker.

[2] *United States v. Taylor*, 596 U.S. 845 (2022) was decided in June 2022.

3

Defendant's September 12, 2022 and October 12, 2022 letters, the Court ordered Mr. Ortiz, Defendant's counsel of record, to speak with Defendant and provide the Court with a status regarding his representation of Defendant.  (Doc. No. 160.)  On November 2, 2022, Mr. Ortiz informed the Court that he had spoken to both Defendant and his counselor at the correctional facility.  (Doc. No. 161.)  Mr. Ortiz explained that he had twice sent Defendant his trial transcripts, but since Defendant stated that he had never received them, Mr. Ortiz was in the process of sending the copies a third time.  (*Id*.)  Mr. Ortiz further stated that he had "encouraged [Defendant] to pursue all legal avenues and [informed Defendant] that [*his*] *representation of* [*Defendant*] *was now over*."  (*Id.* (emphasis added).)  Mr. Ortiz filed a motion to withdraw as counsel, (Doc. No. 162), which the Court granted on November 3, 2022 (Doc. No. 163).

It was not until nine months later, on August 6, 2023, that Defendant mailed the instant letter seeking a 60-day extension to file a § 2255 motion.  (Doc. No. 164.)  Defendant acknowledged he had learned the Supreme Court had denied his petition for certiorari in August 2022, but again complained that his lawyer had failed to inform him of the status of his appeals.  (*Id.*)  He also claimed that he had no meaningful access to the law library because he had been in "SMU"[3] while at USP Thomson, and was now at USP Lee, where he has been on extended lock down since February 23, 2023.  (*Id*.)

On September 12, 2023, Defendant filed an untimely § 2255 motion alleging four substantive claims:  (1) his speedy trial rights were violated; (2) his Hobbs Act convictions did not qualify as predicate "crimes of violence" under § 924(c); (3) his conviction for successive 924(c) sentences should have been reduced pursuant to the 2018 amendment to § 924(c); and (4) he was illegally stopped by the police on February 23, 2015.  (Doc. No. 165.)  The

---

[3] The Court is aware that SMU stands for Special Management Unit.  Inmates in SMU are segregated from the general population.

4

Government has moved to dismiss the petition as untimely.

## II. DISCUSSION

Defendant argues that he should receive the benefit of equitable tolling and be allowed to file his untimely § 2255 motion. (Doc. No. 164.) Defendant claims that his delay in filing should be excused because his attorney failed to inform him that his appeal had been resolved, he did not receive trial transcripts, and he has had limited access to the prison law library. (*See, e.g.*, Doc. Nos. 157, 158, 164.) Even accepting Defendant's representations as true, the Court cannot find that Defendant has satisfied the requirements for equitable tolling of the one-year deadline.

Under "the doctrine of equitable tolling," a defendant may submit an untimely habeas filing only in "extraordinary situations."[4] *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quotation marks omitted). "Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). The Supreme Court has instructed that equitable tolling should be extended when a defendant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal citation omitted); *see also Johnson v. Hendricks*, 314 F.3d 159, 162 (3d Cir. 2002) (explaining that equitable tolling is appropriate when: (1) the petitioner has been "actively misled" (2) the

---

[4] The Court applies the same analysis to determine both whether to extend the Defendant's deadline to file his § 2255 motion and whether to permit Defendant's untimely § 2255 motion. *United States v. Toombs*, Crim. No. 20-119 (RBK), 2021 WL 5416674 (D.N.J. Nov. 18, 2021) (noting that "the Third Circuit recognizes the jurisdiction of the sentencing court to rule on motions for extensions of time to file a § 2255 motion before the substantive motion for relief is filed" and applying the same doctrine of equitable tolling).

petitioner has "in some extraordinary way been prevented from asserting his rights," or (3) the petitioner has "timely asserted his rights mistakenly in the wrong forum").

First, Defendant did not diligently pursue his rights to habeas relief. Although Defendant states that his attorney failed to inform him of the status of his appeals, including his petition for certiorari,[5] Defendant admits that he knew the status of his appeals by August 2022—three months *before* the deadline for filing his § 2255 motion. Pro Se Letter from Appellant Lukeen Gerald regarding appeal (Doc. No. 41), *USA v. Lukeen Gerald*, No. 21-2140 (3d Cir. Aug. 22, 2022); (Doc. No. 157.) Moreover, in October 2022, this Court ordered Defendant's then-attorney, Mr. Ortiz, to speak with Defendant concerning the issues raised in Defendant's letters to the Court. (Doc. No. 160.) Mr. Ortiz complied with the Court's Order and informed Defendant his representation ended when Defendant's petition for certiorari was denied. (*See id.* at 2 (Mr. Ortiz informing the Court that he "encouraged [Defendant] to pursue all legal avenues and [informed Defendant] that [*his*] *representation of* [*Defendant*] *was now over*") (emphasis added).) Yet, despite Defendant's notification of his loss of legal representation at least *one month before* the December 6, 2022 deadline, Defendant still did not file his § 2255 motion or request an extension. There is no apparent reason why Defendant could not have filed "at least a basic pro se habeas petition" by this deadline, *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003), as he did over 10-months later, on September 3, 2023.[6] The Court cannot find under

---

[5] Although Defendant inquired about the deadline for his § 2255 motion on multiple occasions, ignorance of the law is not sufficient. *See Ross*, 712 F.3d at 800 (citing *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004)) ("Given that we expect pro se petitioners to know when the limitations period expires . . . such inadvertence on Doe's part cannot constitute reasonable diligence."); *Sophal Siv v. Mason*, Civil Action No. 20-3632, 2022 U.S. Dist. LEXIS 143789, at *10 (E.D. Pa. Aug. 10, 2022) (citing *Sch. Dist. of Allentown v. Marshall*, 657 F. 2d 16, 21 (3d Cir. 1981) ("Ignorance of the law is not enough to invoke equitable tolling.").

[6] Defendant signed his § 2255 motion on September 3, 2023 and it was docketed on September 12, 2023. (Doc. No. 165.)

these circumstances that Defendant has diligently pursued his rights. *See Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013) (citing *Brown*, 322 F.3d at 774) (holding that equitable tolling is not justified "where petitioner had one month left in limitations period in which he could have 'fil[ed] at least a basic pro se habeas petition' at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him"); *Henderson v. Oliver*, Civil Action No. 21-cv-4208, 2022 U.S. Dist. LEXIS 137661, at *11 (E.D. Pa. Jan. 4, 2022) (holding that petitioner was not entitled to equitable tolling because he had approximately one month before the expiration of his time to file his § 2255 motion, yet "fail[ed] to explain . . . why he could not file a simple document to preserve his rights").

Second, Defendant has not demonstrated the presence of any extraordinary circumstances warranting equitable tolling. The Third Circuit has held that "in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (citing *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)). Instead, such errors constitute "a garden variety claim of excusable neglect," which does not warrant equitable tolling. *Benton v. Coleman*, Civil Action No. 12-1015, 2012 U.S. Dist. LEXIS 208656, at *13 (E.D. Pa. July 25, 2012) (citing *Holland v. Florida*, 560 U.S. at 651–52). This is because a defendant has no right to the assistance of counsel in a habeas proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). A defendant is responsible for learning his obligations and meeting them and courts have repeatedly held that ignorance of the law is not a basis for equitable tolling. *Ross*, 712 F.3d at 800; *Sophal Siv*, 2022 U.S. Dist. LEXIS 143789, at *10 (citing *Sch. Dist. of Allentown v.*

*Marshall*, 657 F. 2d 16, 21 (3d Cir. 1981).

Here, any failure of Defendant's attorney to communicate the status of his appeal and to provide trial transcripts,[7] does not qualify as "extraordinary" circumstances warranting equitable tolling of the one-year deadline.[8] *See LaCava*, 398 F.3d at 276 (holding that an attorney's failure to timely notify a client of the disposition of the appeal is not an error rising to the level of extraordinary circumstance); *Yao v. United States*, Crim. Action No. 07-301; Civil Action No. 10-3145, 2011 U.S. Dist. LEXIS 115930, at *10 (E.D. Pa. Oct. 7, 2011) ("[A]n attorney's failure to notify his client of developments in his case is mere negligence at best, and does not qualify as egregious."); *Smith v. Gillis*, No. 03-6186, 2004 U.S. Dist. LEXIS 31890, at *8 (E.D. Pa. Mar. 4, 2004) ("[C]ounsel's purported failure to notify Petitioner of the Superior Court's decision on collateral review of his PCRA petition cannot be considered an extraordinary circumstance because it is considered 'garden-variety neglect.'"); *Wright v. Collins*, No. 12-CV-2414, 2013 U.S. Dist. LEXIS 183947, at *4 (E.D. Pa. Dec. 23, 2013) *report and recommendation adopted*, 2014 WL 221954 (E.D. Pa. Jan. 21, 2014) ("Even fully crediting [petitioner's claims that his attorney failed to inform him of the status of his appeal and failed to notify him when his appeal and petition for Pennsylvania Supreme Court review were denied], these lapses constitute

---

[7] Defendant is not entitled to transcripts for the purpose of preparing a § 2255 motion. *Fadayiro v. United States*, 30 F. Supp. 2d 772, 780 (D.N.J. 1998) ("The delay in the receipt of free transcripts . . . is not an 'extraordinary circumstance' justifying equitable tolling of the limitations period established by the AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996]."); *see also, United States v. Agubata*, No. CIV. HNM-97-3629, CRIM. MJG-94-0037, 1998 WL 404303, at *3 (D. Md. July 9, 1998) ("[The defendant's] difficulty in obtaining the transcripts is not an 'extraordinary circumstance' that justifies tolling the period of limitation because a prisoner is not entitled to transcripts for the purpose of preparing a motion under 28 U.S.C. § 2255.").

[8] Defendant noted in his earlier letters that he believed that his attorney might file a habeas motion based on the outcome of *United States v. Taylor. See, e.g.*, Doc. No. 158. But, following Defendant's communication with his attorney in the fall of 2022—prior to the § 2255 deadline—Defendant knew his attorney no longer represented him and would not be filing any habeas petitions on his behalf. (Doc. No. 161.)

8

ordinary neglect, not an extraordinary circumstance justifying equitable tolling."); *Lyles v. Lane*, Civil Action No. 16-4801, 2017 U.S. Dist. LEXIS 26191, at *13 (E.D. Pa. Feb. 23, 2017) ("At worst, Lyles's attorney failed to notify him when his appeal was dismissed by the Pennsylvania Superior Court. Lyles does not allege, however, that there was any impediment to his inquiring about the status of his appeal with his attorney or the Superior Court at any time.").

Last, to the extent Defendant claims that his lack of meaningful access to the law library shows extraordinary circumstances, the Court disagrees.[9] "Courts have held that 'a lockdown and limited library access alone do not support a finding that the statute must be equitably tolled. Rather, petitioner must show that these circumstances actually impeded his ability to file a timely petition.'" *Hill v. Kauffman*, No. 21-cv-389, 2021 WL 4467582, at *5 (E.D. Pa. 2021). Defendant fails to show that the lack of meaningful access to the law library caused any delay in filling out the standard habeas form outlining the straightforward claims set forth in his September 3, 2023 motion. *See also Rush v. Gilmore*, Civil Action No. 19-cv-05816, 2023 U.S. Dist. LEXIS 110263, at *7–8 (E.D. Pa. June 27, 2023) ("Petitioner does nothing to support his position that his limited access to the law library actually caused the delay. Indeed, Petitioner's original petition required minimal (if any) legal research because it involved only filling out a standard habeas form. Without additional support, the Court cannot conclude that Petitioner was unable to submit this initial form prior to April 5, 2019 (when statutory tolling expired) because of his allegedly limited access to the law library."); *Jones v. United States*, Civ. No. 14-4655 (RBK), 2017 U.S. Dist. LEXIS 155916, at *10 (D.N.J. Sept. 20, 2017) (denying request to equitably toll habeas deadline because petitioner made "no specific claim of how the purported

---

[9] To the extent Defendant claims he did not have meaningful access to the law library at USP Lee because his unit was on extended lockdown, the Court notes that this restricted access at USP Lee began in February 2023, *after* Defendant's filing deadline had passed. (Doc. No. 164.)

inadequacies of the law library actually prevented him from filing his petition on time"). Without more the Court cannot find these events are sufficient to show extraordinary circumstances justifying equitable tolling.

* * *

Because the Court cannot find Defendant diligently pursued his rights or demonstrated that any extraordinary circumstances prevented him from filing his § 2255 motion by the December 6, 2022 deadline, there is no basis for the Court to apply the doctrine of equitable tolling in this case.

### III.     CONCLUSION

For the reasons discussed above, Defendant's request for an extension of the time to file a § 2255 motion is denied and Defendant's § 2255 motion is denied as untimely. The Government's Motion to Dismiss is granted. An appropriate order follows.